

T 206.245.1700
401 Union Street, Suite 1600
Seattle, WA 98101-2668
pacificalawgroup.com

Paul Lawrence
paul.lawrence@pacificalawgroup.com

February 6, 2026

**VIA CM/ECF Electronic Filing System**

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: *Turner, et al. v. Martin Luther King, Jr. County, et al.,* Case No. 25-3664

Dear Ms. Dwyer:

Plaintiffs-Appellees ("Local Governments") write in response to Defendants-Appellants' ("Federal Agencies") letter notifying the Court of the Fourth Circuit's decision vacating the district court's preliminary injunction in *National Association of Diversity Officers in Higher Education v. Trump* ("*NADOHE*"), No. 25-1189 (Feb. 6, 2026).

*NADOHE* is readily distinguishable from the present case. The *NADOHE* court assessed First Amendment free speech and Fifth Amendment vagueness challenges that were directed against President Trump's executive orders. Slip Op. at 7. Here, the Local Governments bring challenges to the Federal Agencies' specific grant conditions and their authority to implement those conditions on agency programs, and under different theories: the Administrative Procedure Act, the Spending Clause, and separation of powers.

The Local Governments also marshalled evidence in front of the district court showing that the Federal Agencies are actively seeking to enforce their novel and legally unsupported reinterpretations of federal antidiscrimination law through specific grant program conditions against the Local Governments. *See, e.g.*, Appellees' Resp. Br. at 9–10, 12–14. In contrast, the *NADOHE* plaintiffs challenged

Molly C. Dwyer
February 6, 2026
Page 2

only the executive orders, and thus the Fourth Circuit considered a "limited question." Slip Op. at 26 (Diaz, C.J., concurring.); *see also* Order Granting Defs.' Mot. for a Stay Pending Appeal at 9, *NADOHE*, No. 25-1189 (4th Cir. Mar. 14, 2025) (Rushing, J., concurring) ("[T]his case does not challenge any particular agency action implementing the Executive Orders."). In this case, the Court must address a question that was not before the Fourth Circuit: the lawfulness of the Federal Agencies' *implementation* of the directives in Executive Order No. 14,173.

*I certify that the foregoing contains 258 words.*

Sincerely,

PACIFICA LAW GROUP LLP

Paul J. Lawrence